Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

*Attorneys for Plaintiff*
*LifeCell Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFECELL CORPORATION, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| LIFENET HEALTH, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff LifeCell Corporation ("LifeCell"), for its Complaint against Defendant LifeNet Health ("LifeNet"), hereby alleges as follows:

### NATURE OF THE ACTION

1. Pursuant to the Declaratory Judgment Act §§ 2201-02 and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, this is an action for declaratory judgment of non-infringement of U.S. Patent No. 9,125,971 ("the '971 patent"), entitled "Plasticized Bone and Soft Tissue Grafts and Methods of Making and Using Same."

## PARTIES

2. Plaintiff LifeCell Corporation ("LifeCell") is a Delaware corporation with its principal place of business located at 1 Millennium Way, Branchburg, New Jersey 08876.

3. Defendant LifeNet Health ("LifeNet") is a Virginia corporation with its principal place of business located at 1864 Concert Drive, Virginia Beach, Virginia 23453.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5. This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and the patent laws of the United States 35 U.S.C. § 1 *et seq.*

6. This Court has personal jurisdiction over LifeNet by virtue of its sufficient minimum contacts with this forum at least because LifeNet conducts regular business in New Jersey.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because LifeNet conducts regular business in this District and is subject to personal jurisdiction in this District.

## EXISTENCE OF AN ACTUAL CONTROVERSY

8. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

9. LifeCell is a regenerative medicine company that makes and sells soft tissue grafts known as reconstructive or regenerative tissue matrices.

10. On September 6, 2013, LifeNet brought a patent infringement suit against LifeCell in a case captioned *LifeNet Health v. LifeCell Corp.*, C.A. No: 2:13-cv-486-HCM-DEM

(E.D. Va.) ("the 2013 Lawsuit"), which accused LifeCell of infringing U.S. Patent No. 6,569,200 ("the '200 Patent") by making and selling soft tissue graft products.

11.  A jury returned a verdict in the 2013 Lawsuit that LifeCell directly infringed the '200 Patent, and decided to grant a lump-sum, freedom-to-operate award of approximately $34.7 million.  The 2013 Lawsuit is on appeal before the United States Court of Appeals for the Federal Circuit.

12.  During discussions between the Parties concerning the 2013 Lawsuit, LifeNet stated that it had patent applications related to the '200 Patent pending before the United States Patent and Trademark Office ("PTO").  LifeNet threatened additional lawsuits against LifeCell based on any patents that issued from LifeNet's pending applications.  At the time of the discussions between the Parties, the application for the '971 Patent was pending.  On August 19, 2015, the PTO sent an Issue Notification to LifeNet stating that the '971 Patent would issue, and on the date of this Complaint, September 8, 2015, the '971 Patent issued.

13.  The '971 Patent, like the '200 Patent, claims priority to U.S. Patent App. 09/107,459.  The claims of both the '971 Patent and the '200 Patent are directed to "plasticized soft tissue grafts and methods of making and using same."

14.  During the prosecution of the '971 Patent, the PTO rejected the pending claims for double patenting on the basis that they were not patentably distinct from the claims of the '200 Patent.  LifeNet filed a terminal disclaimer to obviate the double patenting rejection of the '971 Patent over the '200 Patent.

15.  As a result of the prior lawsuit between the Parties and LifeNet's threats of additional litigation, there is an immediate, definite, concrete, and substantial dispute about whether LifeCell infringes the '971 Patent.

16.     LifeNet's allegations of infringement and threats of litigation based on the '971 Patent have cast a cloud of uncertainty over LifeCell's products requiring the declaratory relief sought in this complaint.

## COUNT ONE

### Declaratory Judgment Of Non-Infringement Of The '971 Patent

17.     LifeCell incorporates by reference the allegations set forth in paragraphs 1 through 16 as though fully set forth herein.

18.     LifeNet claims to own all rights, title, and interest in the '971 Patent.

19.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between LifeCell and LifeNet as to whether LifeCell infringes the claims of the '971 Patent. A judicial declaration is necessary and appropriate so that LifeCell may ascertain its rights regarding the '971 patent.

20.     LifeCell does not infringe and has not infringed any claim of the '971 Patent.

21.     Based on the foregoing, LifeCell hereby requests a declaration from the Court that LifeCell does not infringe the claims of the '971 Patent.

## PRAYERS FOR RELIEF

WHEREFORE, LifeCell respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

A.      A declaration that LifeCell does not infringe any claim of the '971 Patent.

B.      A declaration that this case is exceptional case under 35 U.S.C. § 285;

C.      An award to LifeCell of its costs and attorneys' fees; and

D.      Such other relief as this Court or a jury may deem just and proper.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, LifeCell respectfully demands a jury trial of all issues triable to a jury in this action.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

Plaintiff, by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 11.2 that the matters in controversy are not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  September 8, 2015               Respectfully submitted,

*/s/ Thomas R. Curtin*
Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
P.O. Box 1991
Morristown, New Jersey 07962-1991
Tel:  (973) 292-1700
Fax:  (973) 292-1767
tcurtin@GrahamCurtin.com
gjones@GrahamCurtin.com

*Attorneys for Plaintiff*
*LifeCell Corporation*